James McMANUS, Appellee,

v.

MIDLAND VALLEY LUMBER COMPANY, a corporation, Appellant.

No. 9937.

United States Court of Appeals Fourth Circuit.

Argued June 29, 1965.

Decided July 14, 1965.

Nathaniel L. Barnwell, Charleston, S. C., and Sidney B. Jones, Jr., Summerville, S. C. (Ben Scott Whaley, Charleston, S. C., and Legare Walker, Jr., and Walker, Walker & Jenkins, Summerville, S. C., and Barnwell, Whaley, Stevenson & Patterson, Charleston, S. C., on brief), for appellant.

J. D. Parler, St. George, S. C. (Thomas O. Berry, Jr., St. George, S. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and SOBELOFF and BRYAN, Circuit Judges.

PER CURIAM:

In this action for breach of contract, the defendant complains on appeal that the evidence as to the damages was so speculative as to preclude an award. We find no merit in the contention.

The defendant had contracted to sell to the plaintiff some 300,000 board feet of logs for which it had no further use after its plant was destroyed by fire. After a few days during which the plaintiff removed some logs and delivered them pursuant to sales made by him, the defendant stopped his further removal of the logs, an action by which the defendant now concedes it broke its agreement.

The contract price was $40 per thousand, and there was testimony that the plaintiff had sold some of the logs at $70 per thousand, giving him a gross profit of $30 per thousand. The record discloses, however, that the logs sold by the plaintiff during the few days he operated under the agreement were veneer logs of high relative value, and that such logs constituted a relatively small portion of the total. The evidence indicates that other logs were medium grades, and that a substantial portion were usable only as pulpwood. There was some evidence as to the value of some of the logs unsold by the plaintiff.

The evidence did not permit a precise calculation of the damages, but, in light of the defendant's conceded breach of its agreement, it is in no position to complain that the award must be fashioned out of the Court's enlightened estimate.[1]

1. South Carolina Finance Corp. of Anderson v. West Side Finance Co., 236 S.C. 109, 113 S. E.2d 329.

In determining the amount of the damages, however, the District Court[2] must necessarily consider all available evidence bearing upon the issue, so that its estimate of the plaintiff's loss might be as close an approximation as the circumstances of the case permit, and there should be subsidiary findings in sufficient detail so that appellate review can be realistic and not merely perfunctory.

The summary findings which were made contain nothing as to the amounts or values of the various grades of logs said to have been included in the contract of sale, and from the evidence which we have examined we cannot make subsidiary findings which would reconstruct the Court's ultimate finding. Under the circumstances, it seems appropriate to vacate the judgment and remand the case to the District Court for additional specific findings and a redetermination of the damages in the light of such specific findings as may be made.

Not only should there be further findings as to the sales value of the various grades and types of logs on the lot, but there should be additional findings as to the plaintiff's costs in performing his contract. In that connection, a determination should be made of the market area within which he might reasonably have expected to have disposed of the logs and the overall cost of delivery within that area, taking into account the more distant, as well as the closer, points of delivery.

If the District Court's approach to the assessment of damages may be said to be imprecise, the parties did not provide it with the tools for precision. There was testimony that veneer logs were delivered to three widely separated places, two of them quite distant from Summerville, S. C., where the logs were located when purchased. There was also an estimate of the costs of delivery to the nearest point. Such evidence may permit findings of the market area for veneer logs and an approximation of average delivery costs within that area. Obviously, however, the market area for pulpwood salable to paper mills is not the same as the market area for veneer logs salable to furniture factories.

To remedy such deficiencies, leave may be granted to the parties to supplement the record with additional testimony, bearing upon the damages, which may permit more specific findings than the present record would support. In any event, the Court should make such essential subordinate findings as the record permits, whereupon it may make a redetermination of the amount of the overall damages in light of the subordinate findings.

Vacated and remanded.

2. The action was tried to the Court without a jury.